IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

RICKY WASHINGTON                                                                                     PLAINTIFF

V.                                                                         CIVIL ACTION NO. 1:15-CV-21-SA-DAS

MELVIN BURTS, and
THE CITY OF VERONA                                                                                  DEFENDANTS

MEMORANDUM OPINION

Ricky Washington filed his Complaint [1] in this Court on January 26, 2015 against the City of Verona, Mississippi and Melvin Burts in his individual capacity as a police officer for the City. Pursuing two claims under 42 U.S.C. § 1983, Washington claims that the City failed to properly supervise and train Burts, and that Burts used excessive force against him during his arrest. Washington also brings a third claim for negligence under the Mississippi Tort Claims Act. The City and Burts filed a joint Motion for Summary Judgement [42] requesting judgment in their favor on all of Washington's claims.

*Factual and Procedural Background*

In July of 2013, Washington got into a fight with another man in the parking lot of a gas station in Verona, Mississippi. According to Washington, although the fight was not initially going his way, he was eventually able to get his opponent bent over a car and was poised to punch, when someone suddenly grabbed him from behind, spun him around, and slammed him up against the nearby brick wall of the station. Washington quickly gave up when he realized that it was a police officer, Burts, that grabbed him from behind. Burts pulled Washington's hands up and behind his back, bent his right arm up injuring his hand and back, and placed him

in handcuffs.[1] Washington and his opponent were transported to the City Jail where they were immediately released without charges.

Washington alleges that Burts' actions in bending Washington's hand and arm behind his back was an excessive use of force that violated his constitutional rights. Burts responds by arguing that the force used was not excessive, he did not violate Washington's constitutional rights, and he is entitled to qualified immunity.

Washington also alleges that the City failed to properly train and supervise Burts to prevent the use of excessive force. The City argues that no constitutional violation occurred because the force used was not excessive, and that Washington failed to sufficiently allege the existence of an official policymaker, official policy, and constitutional violation required to substantiate this claim.

Finally, Washington alleges that the City and Burts are liable for negligence under the Mississippi Tort Claims Act for the use of excessive force. Burts and the City argue that the Washington's MTCA claim is barred because Washington was engaged in criminal conduct, and that the facts as alleged by Washington do not rise to the requisite level of reckless disregard.

*Standard of Review*

Federal Rule of Civil Procedure 56 governs summary judgment. Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element

---

[1] Washington's actual deposition testimony states, "he had me in that deadly force, you know, like bending your hand like give up. You know, I was already – when I seen it was him I give up to the police."

essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

In reviewing the evidence, factual controversies are to be resolved in favor of the non-movant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324, 106 S. Ct. 2548 (citation omitted). This Court has no duty to "sift through the record in search of evidence to support" the nonmovant's opposition to summary judgment. *Edwards v. Cont'l Cas. Co.*, 841 F.3d 360, 363 (5th Cir. 2016) (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir. 1992))).

At the outset, the Court notes that the Plaintiff wholly failed to "designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S. Ct. 2548 (citation omitted). The Plaintiff did not enter a substantive summary judgment response. Instead, the Plaintiff deposited 168 pages of deposition testimony onto the docket accompanied by the following brief statement: "The issues in this case are clearly disputed and should therefore be determined by the jury." Although the Plaintiff clearly failed to meet his responsibility in the

summary judgment context, out of an abundance of caution, the Court conducted an independent review of the entire record in this case, and will analyze the relevant issues based on this review.

*Excessive Force*

To bring a § 1983 excessive force claim under the Fourth Amendment, a plaintiff must show that he "suffered (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable." *Hamilton v. Kindred*, 845 F.3d 659, 662 (5th Cir. 2017) (citing *Flores v. Palacios*, 381 F.3d 391, 396 (5th Cir. 2004).

Qualified immunity protects government officials from liability for civil damages to the extent that their conduct is objectively reasonable in light of clearly established law. *Crostley v. Lamar Cty., Texas*, 717 F.3d 410, 422-24 (5th Cir. 2013) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982); *Kinney v. Weaver*, 367 F.3d 337, 346 (5th Cir. 2004)). "[T]he usual summary judgment burden of proof is altered in the case of a qualified immunity defense." *Wolfe v. Meziere*, 566 F. App'x 353, 354 (5th Cir. 2014) (citing *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005); *Bazan ex rel. Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001)). "An officer need only plead his good faith, which then shifts the burden to the plaintiff, who must rebut the defense by establishing that the officer's allegedly wrongful conduct violated clearly established law." *Id*. The Plaintiff "cannot rest on conclusory allegations and assertions but must demonstrate genuine issues of material fact regarding the reasonableness of the officer's conduct." *Id*.

"A plaintiff can overcome a qualified immunity defense by showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Allen v. Cisneros*, 815 F.3d 239, 244 (5th Cir. 2016) (quoting

4

*Ashcroft v. al–Kidd*, 563 U.S. 731, 735, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011); *Harlow*, 457 U.S. at 818, 102 S. Ct. 2727). In excessive force cases, "the second prong of the analysis is better understood as two separate inquiries: whether the allegedly violated constitutional rights were clearly established at the time of the incident; and, if so, whether the conduct of the defendants was objectively unreasonable in light of that then clearly established law." *Griggs v. Brewer*, 841 F.3d 308, 313 (5th Cir. 2016) (citing *Tarver v. City of Edna*, 410 F.3d 745, 750 (5th Cir. 2005) (citations and quotations omitted). "If officers of reasonable competence could disagree as to whether the plaintiff's rights were violated, the officer's qualified immunity remains intact." *Id.*

Because "the Fourth Amendment right to be free from excessive force during a seizure is clearly established," *Griggs*, 841 F.3d at 312 (citing *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012), the relevant inquiry is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 398, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989)). The use of force must be evaluated "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* (citing *Poole*, 691 F.3d at 627); *Graham*, 490 U.S. at 397, 109 S. Ct. 1865). Whether a particular use of force was "objectively reasonable" depends on several factors, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. *Deville v. Marcantel*, 567 F.3d 156, 167 (5th Cir. 2009). (quoting *Graham*, 490 U.S. at 396, 109 S. Ct. 1865).

The relevant facts, as alleged by the Plaintiff, are that he was actively engaged in a fight with his opponent bent over a car preparing to punch him when he was grabbed from behind and pushed up against a wall.[2] Only after he was against the wall with his hands partially behind his back did the Plaintiff realize that the person that grabbed him was a police officer, at which point he surrendered. Burts bent the Plaintiff's hand up behind him and handcuffed him.

Given that the Plaintiff was actively engaged in a fight when Burts arrived, and that the Plaintiff did not surrender to Burt's control until after he was already against the wall, Burt's use of force in bending the Plaintiff's hand up behind in order to subdue and handcuff him was not excessive to the need. Moreover, given the *severity* of the crime at issue, a fistfight in a public place, and the immediate threat that the Plaintiff posed to the safety of the officers and others, Burts' use of force was not objectively unreasonable. This conclusion readily comports with other recent decisions in excessive force cases in this Circuit. *See Griggs*, 841 F.3d at 315 (granting qualified immunity in case where officer punched motorist repeatedly in the back of head to get him to stop tucking his arms under his body, and to gain control of motorist's arms so that they could be handcuffed behind his back; delivering swift punch to motorist's face after being kicked in the chest in an effort to close patrol vehicle door); *see also Brooks v. City of W. Point, Miss.*, 639 F. App'x 986, 990 (5th Cir. 2016) (affirming district court's finding that *de minimis* injuries including abrasions to hands and knees, some pain in back and neck, and unspecified problems with asthma sustained in process of arrest and being handcuffed did not support excessive force claim) (citing *Tarver v. City of Edna,* 410 F.3d 745, 751 (5th Cir. 2005) (concluding that allegations of "suffer[ing] 'acute contusions of the wrist,' and psychological injury from being handcuffed" stated only *de minimis* injuries). Notably, as was the case in

---

[2] In his deposition, the Plaintiff concedes that the grabbing from behind and being pushed up against the wall did not hurt him.

*Brooks*, the Plaintiff in the instant case has not brought forth any competent evidence, medical or otherwise, of any injury that could be causally connected to his arrest.

Because the Plaintiff cannot establish that Burts' use of force was excessive or objectively unreasonable, Burts is entitled to qualified immunity as to this claim. Summary judgment is granted in Burts' favor on the Plaintiff's claim for excessive force.

*Failure to Train and Supervise*

The Plaintiff next alleges that the City failed to adequately supervise and train Burts in order to prevent the use of excessive force against him. In order to sustain such a claim for municipal liability against the City, the Plaintiff must demonstrate that Burts violated the Plaintiff's constitutional rights, and that the violation is attributable to the enforcement of a City policy or practice. *Saenz v. City of El Paso*, 637 F. App'x 828, 831 (5th Cir. 2016) (citing *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010). Because the Court finds above that Burts did not violate the Plaintiff's constitutional rights, the Plaintiff cannot sustain a §1983 municipal liability claim against the City. *Id*.

*Mississippi Tort Claims Act*

The Plaintiff brings his third and final claim under the Mississippi Tort Claims Act for negligence. The Plaintiff alleges that Burts acted with reckless disregard when he used excessive force against the Plaintiff, and that the City is liable under the MTCA.

The MTCA provides a qualified waiver of sovereign immunity under Mississippi law for certain tortious acts by municipal employees. It does not waive sovereign immunity for

> any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury.

MISS. CODE ANN. § 11–46–9 (1)(c). Thus, the City can only be liable for its officers' conduct if those officers acted with reckless disregard of the Plaintiff's safety and well-being. Although undefined in the Act, the Mississippi Supreme Court has explained the reckless disregard standard as "a higher standard than gross negligence and it embraces willful or wanton conduct which requires knowingly and intentionally doing a thing or wrongful act." *City of Jackson v. Shavers*, 97 So. 3d 686, 688 (Miss. 2012).

The Court's independent review of the record has not revealed any evidence of intentional, willful or wanton conduct by Burts that comes close to meeting the reckless disregard standard. In particular, the Court notes that the Plaintiff was admittedly actively and contemporaneously engaged in criminal activity –a fistfight in a public place–, that the Plaintiff did not "give up" until after he was already pinned against the wall by Burts, that the Plaintiff has not produced any evidence of excessive force as noted above, and that the Plaintiff has not produced any evidence of an actual injury attributable to the alleged excessive use of force. By the letter of the MTCA, being engaged in criminal activity at the time of the alleged injury is dispositive to the Plaintiff's claim. *See* MISS. CODE ANN. § 11–46–9 (1)(c); *Hancock v. City of Greenwood, Miss.*, 942 F. Supp. 2d 624, 626 (N.D. Miss. 2013) (citing *Chapman v. City of Quitman*, 954 So. 2d 468, 474 (Miss. Ct. App. 2007); *Williams v. City of Cleveland, Miss.*, No. 2:10-CV-215-SA, 2012 WL 3614418, at *20 (N.D. Miss. Aug. 21, 2012), *aff'd,* 736 F.3d 684 (5th Cir. 2013) (citing *City of Jackson v. Powell*, 917 So. 2d 59, 69–70 (Miss. 2005)). In addition, the Court notes other recent decisions applying the MTCA reckless disregard standard in the handcuffing context. *See also House v. Green*, No. 3:13-CV-216-MPM, 2014 WL 6957622, at *6 (N.D. Miss. Dec. 8, 2014) ("The handcuffing of an individual, even if alleged to

have been performed without cause and too tightly, without further allegations, will not be sufficient to sustain an excessive use of force claim under the MTCA.").

For these reasons, the Court finds that the Plaintiff has failed to establish the essential elements of his MTCA claim. The City's Motion for Summary Judgment is granted as to the Plainitff's claim brought under the MTCA.

*Conclusion*

For all of the reasons explained above, the City of Verona and Burts' Motion for Summary Judgment [42] is GRANTED. All of the Plaintiff's claims are dismissed with prejudice and this CASE is CLOSED.

So ORDERED on this the 31st day of May, 2017.

/s/ Sharion Aycock
UNITED STATES DISTRICT COURT JUDGE